### LYON v. BROWN.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

1. IMPEACHMENT OF WITNESS.
    In order to overthrow the testimony of a party to an action, who denies that he has previously testified otherwise in another action, it is not proper to admit as original evidence, as a document containing his declarations or statements, the stenographer's minutes of his testimony in the earlier action.

2. AGENCY—EVIDENCE TO ESTABLISH.
    Agency cannot be established as against the supposed principal by the declarations of the alleged agent to a third party.

Appeal from trial term, New York county.

Action by James N. Lyon against Mary Brown. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Norman J. Marsh, for appellant.
A. C. N. Vermilya, for respondent.

PATTERSON, J. There are errors in the admission of evidence in this action for which the judgment must be reversed. The plain-

tiff's recovery was had upon the first cause of action set out in the complaint; it being for the balance of a sum of money alleged to be due on a sale by the plaintiff to the defendant of 650 shares of the Midvale Mining Company at the price of $2,500, which, it is alleged, the defendant promised and agreed to pay to the plaintiff. A credit of $500 on account is given in the complaint. On the trial of the cause the plaintiff's own testimony showed that he never had one word of conversation with the defendant, nor any writing from her in any way referring to the transaction of the alleged sale, but, on the contrary, the whole of it was a matter between himself and S. D. Brown, the defendant's husband. The plaintiff testified to the language of S. D. Brown in the negotiations ending in the sale, and that the relator used the first person, and always spoke of himself as the buyer. Under such circumstances, it was incumbent upon the plaintiff to prove that S. D. Brown was the authorized agent of the defendant in the transaction out of which this cause of action arose, and that the sale was made to her. The plaintiff sought to prove that in all matters connected with the affairs of the mining company, or dealings relating to that company or its securities, S. D. Brown was the agent and representative of his wife, and that he was so acting in this transaction. It was shown in a general way that the defendant held the legal title to the Midvale mining property, and that a corporation was formed to work that property; that S. D. Brown was connected with it, and that various transactions were had by him with many parties concerning that corporation and its stock; and the claim was made by the plaintiff that in all those transactions S. D. Brown was the representative of and acted for his wife, and that all dealings with him were on that understanding. But respecting the specific transaction of the purchase of these shares, it was incumbent upon the plaintiff to bring it within the scope of a real authority from the defendant to her husband. Her answer contains a general denial of the allegations of the complaint as to this cause of action, and her testimony is explicit to the fact that she never authorized her husband to buy the shares, and that she never gave him authority to transact all her business. The plaintiff attempted to overthrow her testimony and to show that in a judicial proceeding in another court and in another action she had testified that her husband was her general agent and was authorized to act for her in all her business. She denied having so testified. Thereupon stenographer's minutes of testimony in the proceeding referred to were offered in evidence, and were received under objection and exception. He should have been interrogated as to what was testified to. He might have used those minutes to refresh his memory, but they could not be made original evidence, and introduced as a document containing declarations or statements of the defendant. But, further, it is quite apparent that very prejudicial testimony was allowed to be given by the witness Peter B. Vermilya. He was permitted to testify, in substance, that S. D. Brown told him that he (Brown) was the defendant's agent in all business transactions he had, and that he represented her, thus attempting to prove that in this particular

matter of dealing he was acting for her, and not for himself.    An examination of the record shows that the plaintiff's counsel declared to the court that he wanted to show that when S. D. Brown in his transactions used the first personal pronoun "I" or "my" it meant Mary Brown, the defendant, and not Sylvanus D. Brown.    That was objected to, and the defendant's counsel excepted.    It is true that the inquiry was made as to the ownership of the Midvale mining property, but it must be borne in mind that it is upon the defendant's relation to that property, and the acts of her husband in connection with it, that the claim is made that he was her agent in everything that he did in any matter in which the name of the company was used or appeared.    In answer to those questions, the witness was permitted to testify that Brown always spoke of the property as his, and that during negotiations of some two or three months the matter was talked over and discussed between Brown and others in the presence of the witness as his property, and that Mrs. Brown was never known in the matter until papers were brought with her name upon them; and that, the title to the property being in the name of Mary Brown, S. D. Brown, speaking of it as his own property, was really authorized to make contracts and obligations for his wife, because he was doing business under cover of his wife's name.    With the avowed object for which this testimony was offered, it is apparent that it must have affected the minds of the jury prejudicially to the defendant.    Agency, to bind the defendant, cannot be established by the declarations of an alleged agent to a third party.

For these errors, without considering anything else in the case, the judgment and order must be reversed, and new trial ordered, with costs to the appellant to abide the event.    All concur.