Francis Sanford, Respondent, *v.* Frank Fountain,
Appellant.

(County Court, Saratoga County, January, 1906.)

Principal and agent — Actions by third persons — Evidence — Declarations of alleged agent.
Trial — Reception and exclusion of evidence — Objections, motions to strike out and exceptions — Necessity of motion to strike out.

> Agency cannot be established by the declarations of an agent made to a third party in the absence of the principal.
>
> Where, in an action in Justice's Court to recover upon a contract made with defendant's alleged agent, for alleged services in obtaining a load of freight, testimony as to conversations with the brother and alleged agent of defendant when defendant was not present is objected to as incompetent and upon the further ground that the brother was not the defendant's agent and the testimony is received under a stipulation that it be stricken out by consent unless plaintiff show that the brother was acting at the time as the defendant's agent, and there is no evidence of such agency beyond the inference to be drawn from the statements of the brother, defendant's motion for a dismissal of the complaint, upon the ground that a cause of action had not been proven, made at the close of the plaintiff's case, should have been granted. The fact that a motion to strike out the testimony received under the stipulation was not made should not operate to the prejudice of the defendant as his counsel had seasonably objected to its reception.

Appeal from a judgment of a justice's court rendered in favor of defendant.

J. W. Atkinson, for appellant.

D. A. Lockwood, for respondent.

Rockwood, J.   The defendant has appealed from a judgment rendered against him by a justice of the peace in the sum of eighteen dollars and twenty-five cents damages and costs after a trial by jury.

In his complaint, the plaintiff avers that in October, 1903, " plaintiff entered into an agreement with defendant to act as his agent in obtaining a load of freight for defendant at or near the Village of Mechanicville, N. Y., to be transported by defendant on a canal boat over the Champlain Canal and other waters, for which services the defendant agreed to pay the plaintiff the sum of Ten Dollars ($10.00) as commission;" that plaintiff performed his part of the agreement but that the defendant had refused to pay for the services.

The answer was in effect a general denial. The plaintiff was the only witness called and sworn in support of his cause of action. He did not testify to having had any conversations with the defendant concerning his employment but based the alleged contract for services upon conversations with one Irving Fountain, claimed by the plaintiff to be defendant's agent. The only evidence germane to this branch of the case is to be found in the following extract from the testimony: " Q. Did you subsequently have a conversation with Irving Fountain, the brother of the defendant, with reference to securing a boat load of bricks for the defendant?"

This was objected to by defendant's counsel " on the ground that the defendant was not present, and is incompetent as Irving Fountain was not the defendant's agent."

The plaintiff's counsel then stated " that such conversation might be stricken out with his consent after it had been stated by the witness unless plaintiff shows that Irving Fountain was acting at the time of the conversation as the defendant's agent." With this understanding the evidence was received by the justice, the plaintiff testifying at length to a conversation with Irving Fountain, had in the absence of the defendant. This conversation was the important element of the case, and upon it the plaintiff rested his cause of action.

Unless Irving Fountain was the duly constituted agent of the defendant, his agreement to pay the plaintiff a commission was clearly not binding upon the defendant. Agency cannot be established by the declarations of an agent to a

third party made in the absence of the principal. Lyon v.
Brown, 31 App. Div. 67; Booth v. Newton, 46 id. 175;
Brigger v. Mutual Reserve Fund Life Assn., 75 id. 149;
Leary v. Albany Brewing Co., 77 id. 10; Foster v. Book-
walter, 78 Hun, 355; Marvin v. Wilber, 52 N. Y. 273;
People's Bank v. St. Anthony's R. C. Church, 109 id. 525.

Beyond the inference to be drawn from the statements
of Irving Fountain, there was no evidence of his agency
for the defendant, so that had a motion been made to strike
out this testimony it should have been granted in accord-
ance with the stipulation under which it was received. The
fact that such motion to strike out was not made should
not, however, prejudice the defendant, as his counsel had
seasonably objected to its reception, and at the close of the
plaintiff's case moved for a dismissal of the complaint upon
the ground that a cause of action had not been proven.

Eliminating this objectionable, hearsay testimony of the
conversation with Irving Fountain leaves the record wholly
barren of proof upon which to found a verdict for the plain-
tiff. The respondent's counsel urges that the defendant
ratified the agreement made with Irving Fountain and that
defendant's own testimony is to that effect.

The burden of proof was upon the plaintiff to show the
merit of his cause of action by a fair preponderance of
the evidence. This he has failed to do, and there was no
competent evidence upon which the jury could have found
a verdict for the plaintiff. As the case stood at the close
of the plaintiff's case, defendant's motion for a dismissal
of the complaint should have been granted. Other hear-
say and incompetent testimony was received over the objec-
tion of defendant's counsel, but the conclusion reached above
renders its discussion unnecessary.

The judgment appealed from is reversed, with costs.

Judgment reversed, with costs.